Case 4:25-cv-00714   Document 12   Filed on 06/13/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETHANY GAY BAILEY, a/k/a BETHNEY GAY BAILEY, (SPN # 00367744) | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-25-714 |
| ED GONZALEZ, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Bethany Gay Bailey, a/k/a Bethney Gay Bailey, (SPN #00367744), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention on several pending state criminal charges.[1] (Docket Entry No. 1). After considering the petition under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts,[2] the court dismisses Bailey's petition. The reasons are explained below.

**I.     Background**

Publicly available records show that Bailey is currently in the Harris County Jail awaiting trial on state-court criminal charges. *See* Search Our Records, available at www.hcdistrictclerk.com (last visited June 3, 2025; Harris County Cause Nos. 1867089, 1868620,

---

[1] Bailey filed her petition on the form used for state habeas corpus applications under Texas Code of Criminal Procedure article 11.07. (Docket Entry No. 1). The court has construed her petition as seeking federal habeas relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (a state pretrial detainee's habeas corpus claims based on alleged federal constitutional violations are governed by § 2241).

[2] Rule 1 of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules apply to any petition for writ of habeas corpus, including those under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1868621, 1868942). The state court initially appointed counsel for Bailey in June 2024 and appointed new counsel in May 2025. *Id.* It does not appear that a trial date is currently set in any of the state-court cases pending against Bailey. *Id.*

On February 11, 2025, Bailey filed a petition for a federal writ of habeas corpus, alleging that the state court is violating her rights to a speedy trial and to due process. (Docket Entry No. 1, pp. 6-14). It appears that Bailey is asking this court to either order the state court to set a trial date or release her from pretrial detention. (*Id.* at 5).

## II.   Discussion

### A.   Failure to Pay the Applicable Filing Fee

When Bailey filed her habeas petition in this court, she also filed a motion to proceed without paying the filing fee applicable to such petitions. (Docket Entry No. 7). The court denied Bailey's motion because the certified copy of her inmate trust fund account statement showed that she had sufficient funds to pay the $5.00 filing fee for a habeas petition. (Docket Entry No. 11). The court ordered Bailey to pay the filing fee by April 30, 2025, and warned her that failing to comply as ordered could result in dismissal of her petition. (*Id.*).

As of the date of this order, Bailey has not complied with the court's order to pay the filing fee, and her time to do so has now expired. Bailey's failure to comply as ordered forces the court to conclude that she lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

### B.   *Younger* Abstention

Even if Bailey had paid the applicable filing fee, the court would decline to exercise jurisdiction over her petition under *Younger v. Harris*, 401 U.S. 37, 54 (1971). *Younger* requires

federal courts to abstain from exercising jurisdiction when: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.,* 677 F.3d 712, 716 (5th Cir. 2012); *see also Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (a [p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief").[3]

Bailey's claims meet all three requirements for abstention under *Younger*. Any decision by this court on Bailey's claims would interfere with the ongoing state criminal court proceedings against her. *See Younger*, 401 U.S. at 41; *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) ("Under the rule set out by [*Younger*], federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted."). The State of Texas has an important interest in enforcing its criminal laws. *See DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984). And Bailey may raise her claims in the state-court proceedings and again on appeal if she is convicted.

Bailey's claims meet the requirements for *Younger* abstention. Even if she had paid the filing fee, the court would decline to exercise jurisdiction under *Younger*. This is a separate basis for this court's dismissal of Bailey's federal habeas petition.

---

[3] Exceptions to the *Younger* doctrine exist when "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." *Texas Ass'n of Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004) (quoting *Younger,* 401 U.S. at 49). Bailey's petition does not allege facts showing that any of these exceptions apply in her case.

**III.    Conclusion**

Bailey's federal habeas petition under 28 U.S.C. § 2241, (Docket Entry No. 1), is dismissed without prejudice. Any pending motions are denied as moot. An order of dismissal is separately entered. No certificate of appealability is issued. *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

SIGNED on June 13, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge